UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRYAN D. CHRISTIAN,

                              Plaintiff,

   v.                                                      9:03-CV-0901 (FJS)(GJD)

GLENN S. GOORD, Commissioner; LESTER WRIGHT,
Director of Health Care Services, D.O.C.S.; MR. ALLARD,
Superintendent; OFFICER B. SEARS, Acting Superintendent;
MR. CHAMPAGNE, Director Health Services, Franklin
Correctional Facility; NURSE SMITH, Administrator;
DOCTOR KIM; THAILES, Nurse; and NURSE GORDON,

                                Defendants.

---

APPEARANCES:                          OF COUNSEL:

BRYAN D. CHRISTIAN
Plaintiff, *pro se*
00-R-1672
Oneida Correctional Facility
P.O. Box 4580
Rome, New York 13442

ELIOT SPITZER                         MICHAEL G. MCCARTIN, Esq.
Attorney General of the State of New York   Assistant Attorney General
Attorney for the Represented Defendants
The Capitol
Albany, New York 12224

GUSTAVE J. DI BIANCO, Magistrate Judge

**ORDER**

     Plaintiff Bryan D. Christian ("plaintiff") has filed a motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. Dkt. No. 48. Defendants have responded in opposition to the motion. Dkt. Nos. 49 and 53. Plaintiff has replied to defendants' response. Dkt.

Nos. 52 and 54[1]. Plaintiff also seeks sanctions against the defendants for filing late reponses to plaintiff's discovery requests. Dkt. No. 52.

**I.     Motion to compel.**

Plaintiff's motion to compel relates to plaintiff's discovery requests dated June 22, 2004. Dkt. No. 48, Aff. at 1; *see also id*. at Exhibits 2, 5, and 6. Defendants oppose the motion because plaintiff made no good faith effort to confer with defendants' counsel in an attempt to settle differences prior to filing this motion. Defendants suggest to the Court that the motion to compel be treated as "a request to confer under Local Rule 7.1(d)." Dkt. No. 49 at 1. Defendants indicate that after conferring, they will then "provide the plaintiff with a response in writing ... as well as with any further discovery, if that appears warranted after further review." *Id*.

A history of the events leading up to this motion is in order. On June 22, 2004, Plaintiff sent the defendants three sets of discovery requests: a request for admissions ("admissions"); a request for interrogatories ("interrogatories"); and a request for production of documents ("document requests"). *See* Dkt. No. 48, Aff. at 1. On July 19, 2004, defendants responded to the admisssions.[2] *Id.* The response was accompanied by a letter from the defendants indicating that they needed more time to respond to the interrogatories and document requests. *Id*.; *see also id.* at Ex. 1. By letters dated August 3, 2004 and September 2, 2004, plaintiff contacted the defendants inquiring how much additional time was needed to respond to the remaining discovery requests. Dkt. No. 48, Ex. 3. No

---

[1]Plaintiff did not receive permission to "reply". In the future, permission must be sought and granted to submit reply papers.

[2] Of plaintiff's six requests for admissions, defendants objected to two requests; objected in part to one request; and denied three requests. *See* Dkt. No. 48, Ex. 2.

where in either letter did plaintiff express any objections to defendants' response to the request for admissions. It does not appear that defendants responded to either of plaintiff's letters. On September 17, 2004, plaintiff received defendants' responses to the interrogatories and document requests.[3] *See* Dkt. No. 48, Aff. at 2; *see also id.* at Exhibits 4 and 5. On October 15, 2004, without any apparent attempt to resolve the outstanding discovery disputes remaining after defendants responded to discovery, plaintiff filed the present motion. Dkt. No. 48.

In reviewing the motion, the Court notes that plaintiff has not submitted any documentation which indicates that he made any good faith efforts to resolve the discovery disputes after he received defendants' responses but prior to filing his motion to compel. Rule 7.1(d)(1) of the Local Rules of the Northern District of New York ("Local Rules") requires parties to "make good faith efforts among themselves to resolve or reduce all differences relating to discovery **prior to seeking court intervention**." (emphasis added). Rule 7.1(d)(2) further requires that

> [t]he moving party must confer in detail with the opposing party concerning the discovery issues between them in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution. Failure to do so may result in denial of a motion to compel discovery and/or imposition of sanctions.

"The purpose of the local rule [requiring a good faith effort to resolve discovery] is to lessen needless burdens on the court and additional costs to the parties who engage in unnecessary small pretrial conflicts." *Roy v. Deangelo*, No. 95-CV-822, 1997 WL 567960, at *3 (N.D.N.Y. Sept. 12, 1997) (adopting a magistrate judge's recommendation that the court deny plaintiff's motion to compel without prejudice based upon plaintiff's failure to show good faith in resolving the

---

[3] Defendants answered four of the twelve interrogatories and two of the 11 requests for production. *See* Dkt. No. 48, Exhibits 5 and 6.

discovery disputes).  The Pretrial Order previously issued by this Court specifically advised the plaintiff of this Rule, and cautioned plaintiff that any motion to compel filed in this action that was not accompanied by documentation that substantiated his efforts to resolve any discovery disputes prior to the filing of such motion would be denied.  *See* Dkt. No. 45 at 2-3.

Plaintiff is not, however, alone in failing to follow proper procedure.  Defendants bear their share of the blame as well because their responses to the interrogatories and document requests were untimely.  While defendants did request from plaintiff an extension of time to respond to the interrogatories and document requests, when plaintiff inquired as to the length of the extension needed, defendants did not respond to plaintiff's inquiry by providing a date for compliance.  Instead, defendants merely served their responses upon the plaintiff on September 17, 2004, almost 2 months after the responses were due.  To complicate matters, while it appears that on November 22, 2004 the defendants served upon plaintiff **amended responses** to the interrogatories and document requests, *see* Dkt. No. 53, neither plaintiff nor defendants have filed the amended responses with the Court.

There is no indication that the discovery disputes remaining are so severe that they could not be settled, at least in part, between the parties.  It does not appear that plaintiff, after receiving the responses, made any attempt to negotiate with opposing counsel or explain where plaintiff believed the responses were deficient.  Moreover, since defendants have apparently served amended responses to the interrogatories and document requests, it appears that there is some room for negotiation.

In light of the above, plaintiff's motion to compel is **DENIED without prejudice** to renew after the parties attempt to resolve outstanding discovery disputes.  The discovery deadline and the

motion to compel filing deadline are reset until July 29, 2005 and August 31, 2005 respectively for the sole purpose of allowing the parties to confer in an attempt to resolve the outstanding discovery disputes, and if need be, allow plaintiff to file a motion to compel regarding issues that cannot be resolved between the parties.  **Since the discovery deadline has otherwise expired, no new discovery may be commenced by either party.  The deadlines are extended for the sole purpose of resolving issues related to plaintiff's June 22, 2004 discovery requests.  The Court expects each of the parties to exercise <u>good faith</u> in resolving the underlying disputes.**

If after making such good faith efforts there are still unresolved issues stemming from the June 22nd discovery requests, plaintiff may then file a new motion to compel which addresses **only** those unresolved disputes.[4]  Any renewed motion to compel **must** be accompanied by documentation showing that a good faith effort has been made to resolve discovery disputes.

## II.    Motion for sanctions

Plaintiff asks the Court to impose sanctions against the defendants "for delaying, and failing to comply with the Federal Rules of Discovery."  Dkt. No. 52 at 4.  Under Rule 37, a party may move for an order to compel discovery when it has received no response to its interrogatory and document requests, provided movant "has in good faith conferred or attempted to confer" with the opposing party in an attempt to secure the sought responses.  *See* Fed. R. Civ. P. 37(a)(2)(B).  Rule 37 also allows the Court to impose sanctions on the non-responsive party.  *See* Fed. R. Civ. P. 37(a)(4).

In this case, the Court has already concluded that plaintiff has not "in good faith conferred or

---

[4] Any renewed motion to compel must be filed before August 31, 2005 -- the motion to compel filing deadline, as extended herein.

attempted to confer" with defendants regarding their alleged late or inadequate responses to his discovery requests. Additionally, since plaintiff received defendants' responses, albeit late, prior to filing his motion to compel discovery, plaintiff cannot contend that he has received no response to his discovery requests. Plaintiff's requests for sanctions against the defendants is therefore **DENIED**.

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's motion to compel (Dkt. No. 48) is **DENIED WITHOUT PREJUDICE** to renew as set forth above, and it is further

**ORDERED**, that the discovery deadline and the motion to compel filing deadline are reset until July 29, 2005 and August 31, 2005 respectively **for the sole purpose** of allowing the parties to confer in an attempt to resolve the outstanding discovery disputes related to the June 22, 2004 discovery requests, and if need be, allow plaintiff to file a motion to compel regarding issues that cannot be resolved between the parties, and it is further

**ORDERED**, that plaintiff's application for sanctions (Dkt. No. 61) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: May 24, 2005

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge