UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRYAN D. CHRISTIAN,

                                              Plaintiff,

   vs.                                                                         9:03-CV-901
                                                                                     (S.J. Scullin)

GLENN GOORD, et al.,

                                              Defendants.
_____

APPEARANCES                                    OF COUNSEL

BRYAN D. CHRISTIAN
Plaintiff pro se

ELIOT SPITZER                            MICHAEL G. McCARTIN
New York State Attorney General       Asst. Attorney General
Attorney for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

    This matter has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

    In this amended civil rights complaint, plaintiff alleges that defendants have denied him proper medical care in violation of the Eighth and Fourteenth Amendments. (Dkt. No. 3).

    Presently before the court is defendants' motion for summary judgment pursuant to FED. R. CIV. P. 56. (Dkt. No. 74). Plaintiff has filed what has been docketed as a cross-motion for summary judgment, but is in reality simply a response in opposition to defendants' motion. (Dkt. No. 77). Defendants have filed a reply,

(Dkt. No. 78), and plaintiff has filed a "supplemental response" in opposition to the motion. (Dkt. No. 79).

## DISCUSSION

**1.    Summary Judgment**

Summary judgment may be granted when the moving party carries its burden of showing the absence of a genuine issue of material fact.  FED. R. CIV. P. 56; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) (citations omitted).  "Ambiguities or inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the summary judgment motion." *Id*.  However, when the moving party has met its burden, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

At that point, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Id*. *See also Burt Rigid Box v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002)(citations omitted).  However, only disputes over facts that might affect the outcome of the suit under governing law will properly preclude summary judgment. *Salahuddin v. Coughlin*, 674 F. Supp. 1048, 1052 (S.D.N.Y. 1987)(citation omitted).

**2.    Exhaustion of Administrative Remedies**

Defendants argue that plaintiff has not exhausted his administrative remedies as to his claims as required by the Prison Litigation Reform Act, (PLRA), 42 U.S.C. §

1997e(a).  The PLRA exhaustion requirement applies to **all inmate suits about prison life**, whether they involve general circumstances or particular episodes and regardless of the subject matter of the claim. *See e.g. Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004).  The Second Circuit has also held, however, that the exhaustion requirement is an **affirmative defense**, not a jurisdictional prerequisite, and there are instances in which the exhaustion requirement may either be waived or excused. *Id.* at 675. (citations omitted).

Additionally, as with other affirmative defenses, the defendant has the burden of proof to show that plaintiff failed to exhaust his administrative remedies. *McCoy v. Goord*, 255 F. Supp. 2d 233, 247-48 (S.D.N.Y. 2003).  Where questions of fact exist as to exhaustion, summary judgment is not appropriate. *Pendergrass v. Corrections Officers*, 01-CV-243A, 2004 U.S. Dist. LEXIS 28224, *6-7 (W.D.N.Y. Sept. 1, 2004). At the same time that the Second Circuit decided *Giano*, it also decided four other related cases, clarifying the law in the Second Circuit regarding the PLRA's exhaustion requirement and specifying various instances in which the requirement could be waived or excused. *See Hemphill v. State of New York*, 380 F.3d 680 (2d Cir. 2004)(remanding case to determine if defendant's alleged threats constituted "special circumstances" justified plaintiff's failure to exhaust); *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004)(whether failure to exhaust may be justified because plaintiff obtained favorable rulings on his grievances, but the relief that he was supposed to obtain was never forthcoming); *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004) (whether including claims in a disciplinary appeal may suffice for the exhaustion

3

requirement); *Ortiz v. McBride*, 380 F.3d 649 (2d Cir. 2004)(complete dismissal is not required when plaintiff brings both exhausted and unexhausted civil rights claims). New York State provides inmates with a grievance procedure to follow by which inmates may file complaints and appeal adverse decisions. N.Y. CORRECT. LAW § 139; N.Y. COMP. CODES R. & REGS. tit. 7 §§ 701.1 *et seq.* (NYCRR). The regular Inmate Grievance Program (IGP) consists of a three-tiered process. *Hemphill*, 380 F.3d at 682. The inmate must first file a grievance with the Inmate Grievance Resolution Committee (IGRC). *Id.* ¶ 701.7(a)(1). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id.* § 701.7(b). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee (CORC). *Id.* § 701.7(c). Time deadlines apply at all levels of the process, but exceptions to any of the deadlines may be made based on "mitigating circumstances." *Id.* § 701.7(a)(1). An inmate must appeal any denial of his grievance to the highest available administrative level. *Martinez v. Williams*, 349 F. Supp. 2d 677, 682 (S.D.N.Y. 2004).

There is also an expedited process for the review of complaints of inmate harassment or other misconduct by corrections officers or prison employees. 7 NYCRR § 701.11. Under this procedure, the inmate may (but is not required to) report the misconduct to the employee's supervisor. *Id.* § 701.11(b)(1). The inmate then files a grievance under the normal procedures outlined above, but all grievances alleging employee misconduct are given a grievance number, and sent immediately to the Superintendent for review. *Id.* § 701.11(b)(2). Under the regulations, the

Superintendent or his designee shall determine immediately whether the allegations, if true, would state a "bona fide" case of harassment, and if so, shall initiate an investigation of the complaint, either "in-house", by the Inspector General's Office, or by the New York State Police Bureau of Criminal Investigations. *Id.* § 701.11(b)(3)-(b)(4). An appeal of the adverse decision of the Superintendent may be taken to the CORC as in the regular grievance procedure. *Id.* § 701.11(b)(6)-(b)(7). A similar "special" procedure is provided for claims of discrimination against an inmate. *Id.* § 701.12.

In this case, defendants concede that plaintiff did file the appropriate grievance regarding the incidents in question, but that plaintiff filed the ***original*** complaint ***five days*** prior to receiving a final decision from the CORC, thus, failing to exhaust his administrative remedies.

In *Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), the Second Circuit held that exhausting administrative remedies after a complaint is filed will not save a case from dismissal. Although portions of *Neal* were overruled by *Porter v. Nuzzle*, 534 U.S. 516 (2002), the Supreme Court left this holding undisturbed. The final decision of the CORC constitutes the exhaustion of an inmate's remedies. *Jackson v. Goord*, 99 Civ. 9872, 2004 U.S. Dist. LEXIS 15464, *5-6 (S.D.N.Y. Aug. 9, 2004). In this case, the final decision of the CORC was rendered on July 23, 2003. Defendants' Ex. 1 at "unnumbered" p.12. Plaintiff's original complaint was filed on July 18, 2003. (Dkt. No. 1).

The court does note that after plaintiff's original complaint was filed, then-

5

Chief Judge Scullin issued a conditional order of dismissal, finding that the original complaint did not meet the requirements of FED. R. CIV. P. 8 & 10. (Dkt. No. 2). Judge Scullin stated that in order for plaintiff to avoid dismissal of the action, he would have to file an amended complaint within thirty days. *Id.* Plaintiff complied with Judge Scullin's order and filed the amended complaint on August 22, 2003, approximately one month *after* plaintiff had received the final decision of the CORC.

Defendants appear to concede that plaintiff did exhaust his remedies, but argue that the exhaustion came too late. The first argument for plaintiff is that since the operative complaint in this action was not filed until *after* plaintiff exhausted administrative remedies, he should be deemed to have exhausted his remedies. This is distinguishable from a case in which plaintiff voluntarily amended his complaint or moved to amend his complaint after defendants had been served and had answered the complaint. In this case, Judge Scullin *sua sponte* ordered plaintiff to amend the complaint or be subject to dismissal prior to any involvement of defendants. Thus, the original complaint would never have been served or proceeded forward.

If this were the only argument for plaintiff, the case law would not be in his favor. After *Neal v. Goord*, various courts have held that completion of the grievance process after the federal complaint has been filed is insufficient to exhaust an inmate's administrative remedies. It has been held, even in the Northern District of New York, that if a plaintiff files an action prior to obtaining the CORC's decision, even if that decision was signed on the *same day* that the complaint was filed, plaintiff has failed to exhaust his administrative remedies. *See Mejia v. Goord*, 03-CV-124, 2005 U.S.

6

Dist. LEXIS 32394, *11-14 (N.D.N.Y. Aug. 16, 2005) (M.J. Peebles), *adopted by* (N.D.N.Y. Sept. 24, 2005)(J. Kahn).  There was, however, no conditional order of dismissal in *Mejia* and, thus, no amended complaint filed ***after*** exhaustion.

This court does not have to decide the issue of whether this case is sufficiently distinguishable from *Mejia* with respect to filing the complaint prior to obtaining a decision by the CORC because there are other reasons for excusing the exhaustion requirement.  The Second Circuit has developed a three-part test to determine whether the exhaustion requirement has been waived or may be excused. *Hemphill*, 380 F.3d at 686.  First, the court should determine whether the administrative remedies were, in fact, "available" to the plaintiff. *Id.* (citing *Abney*, 380 F.3d at 667-69).  Second, the court determines whether the defendants have forfeited the defense of exhaustion by failing to raise or preserve it or whether the defendants are otherwise estopped from raising the defense. *Hemphill*, 380 F.3d at 686 (citing *Johnson*, 380 F.3d at 695-96; *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir 2004)).  Finally, the court considers whether there are any "special circumstances" that justify the plaintiff's failure to comply with the exhaustion requirement. *Hemphill*, 380 F.3d at 686 (quoting *Giano*, 380 F.3d at 676).

Defendants in this case have clearly raised the issue, thus, the second inquiry is not relevant here.  However, the *Abney* case is applicable to this situation.  In *Abney*, the Second Circuit held that a plaintiff does not have a responsibility to appeal favorable grievance decisions nor does the plaintiff have to appeal the failure of defendants to implement favorable decisions. 380 F.3d at 669.  The failure to appeal a

7

favorable decision that was never implemented does not constitute a failure to exhaust. The Second Circuit specifically stated that such a situation would make the administrative remedy "unavailable." *Id.*

In this case, the court notes that plaintiff received a favorable decision by the IGRC when he filed his grievance. The IGRC response was that the

> [i]nvestigation has revealed that grievant does have several referrals for OMH and has yet to be seen. ***OMH is outside DOCS. However 6 months is a long time. It is unanimously recommended that grievant be seen by appropriate personnel from OMH.***

Plaintiff's Response to Summary Judgment, Declaration at p.13 (Dkt. No. 77) (emphasis added). This appears to be a favorable decision, and the court would also point out that the response to the grievance indicates that OMH is "outside" of DOCS, and thus, the matter would not be "grievable." Since plaintiff obtained the relief that he sought from the IGRC, he would *not* have had to appeal the decision. A review of the grievance form shows that although plaintiff marked a box on the decision form that stated that he *agreed* with the IGRC, he also marked the box, stating that he wished to appeal to the Superintendent.

In response to the appeal, the Superintendent's decision made it clear that plaintiff's request was "outside" the "IGP" (Inmate Grievance Program). Specifically, the Superintendent stated

> Although the IGRC contradicts itself, OMH remains ***outside the purview of DOCS and IGP.***
>
> The grievant has been referred to OMH. This is the extent that DOCS is involved. Scheduling is done at the discretion of this OMH.

8

>    The grievance is denied.

*Id.* at p.14 (emphasis added).  The Superintendent appears to be attempting to state that the IGRC was incorrect in deciding in favor of plaintiff because OMH is "outside the purview of DOCS ***and IGP*** [Inmate Grievance Program]" and thus, DOCS would not be able to grant plaintiff the relief that he sought.  Although the Superintendent "denied" the grievance, the denial appears to be because the IGP did not have the power to grant plaintiff the relief that he was seeking.  If the OMH was outside the purview of the IGP, then administrative relief was not "available" through the IGP, and plaintiff was again not required to appeal further, even though he did appeal.

The decision from the CORC is confusing because the CORC states that the grievance is "unanimously accepted in part", but then states that the action requested is "accepted only to the extent that the CORC upholds the determination of the Superintendent for the reasons stated." Plaintiff's Declaration at p.15.  However the Superintendent "denied" the grievance because the OMH is not under the purview of DOCS.  The CORC then stated that it was up to OMH to schedule appointments and also stated apparently as an aside, that plaintiff had been examined by OMH and had refused prescribed medications. *Id.*

This court finds that even though plaintiff appealed all the way to the CORC, he would not have had to do so, since the IGRC decision was favorable, and the Superintendent basically stated that the Grievance Program had no authority over OMH.  Defendants argue that although it is true that the IGP had no authority over OMH, plaintiff in this case is suing DOCS defendants, so he would have had to exhaust his administrative remedies.  Plaintiff's request, however, was to be examined by OMH personnel.  It appears that he did not name specific individuals in his

9

grievance, but if he had named DOCS personnel, the decision of the IGRC would have been the same.

The grievance program only pertained to DOCS personnel, and DOCS personnel were not in charge of OMH. He could not name OMH employees in a grievance for the same reason. In fact, in a letter dated May 28, 2003 from defendant Nurse Administrator Smith to R. Boyea, the IGP Supervisor, defendant Smith stated that "[s]ince OMH is not part of DOCS, an inmate cannot grieve them [sic]." Plaintiff's Declaration at p.16. On May 14, 2003, plaintiff wrote a letter to defendant Smith, who wrote back to plaintiff telling him that the case loads were very high, and that if plaintiff believed that he was getting worse, he should go to sick call. *Id.* at 26. Plaintiff wrote to defendant Wright on May 21, 2003. *Id.* at p.28. Dr. Wright wrote plaintiff a letter, dated June 4, 2003, telling plaintiff to address his concerns directly to OMH and told plaintiff that he could contact the OMH Satellite Unit Chief at Clinton Correctional Facility. *Id.* at p.29.

Plaintiff wrote several more letters, including a June 12, 2003 letter to William Henri, the Acting Executive Director of the South Beach Psychiatric Center. Mr. Henri wrote to plaintiff on June 17, 2003, telling plaintiff that he had referred plaintiff's letter to Hal Smith, the Executive Director of the Central New York Psychiatric Center. *Id.* at p.40. On June 23, 2003, plaintiff received a memorandum from Senior Corrections Counselor R. Weeks stating that he had spoken to defendant Smith, and that plaintiff's case had been referred to OMH. *Id.* at p.41. Plaintiff was told in this memorandum that if he were "again" not seen in a timely fashion, he should bring it up with Corrections Counselor Vondell. *Id.*

Based on all the evidence presented, this court finds that plaintiff appears to

have attempted all avenues of exhaustion, formal and informal. It also appears that the grievance program was not the appropriate avenue to obtain relief, although if he had not appealed his first favorable decision, he may have been able to obtain a mental health appointment. Thus, even if the CORC decision was rendered after plaintiff filed his initial complaint, this court would find that plaintiff had either sufficiently exhausted his remedies or that he should be excused from the exhaustion requirement because the remedies were not "available" under the statute.

There is one other reason in favor of finding that plaintiff either exhausted his remedies or should be excused from exhaustion. The regulations provide that the CORC *shall* decide the appeal within *twenty working days* of receipt of the appeal. 7 NYCRR §§ 701.6(d); 701.7(c)(4). There is also a special section for "time limits." *Id.* § 701.8. This section provides that time limit extensions may be requested at any level of review, but may only be granted with the written consent of the inmate. *Id.* The section also provides that "[a]bsent such extension, matters not decided within the time limits may be appealed to the next step." *Id.*

Defendants in this case are arguing that plaintiff has not exhausted because he filed his action five days prior to obtaining a decision from the CORC, however, defendants did not note that the CORC was approximately *seven days late* in rendering a decision, and there appears to be *no request for an extension of time* and no evidence that plaintiff consented to an extension. Plaintiff's appeal statement is dated June 13, 2003 (a Friday). Plaintiff's Declaration at p.14. The CORC decision is dated July 23, 2003 (a Wednesday). *Id.* at p.15. Counting only working days, and not counting July 4, 2003, the CORC decision was due Monday, July 14, 2003, nine calendar days later and seven working days later.

11

As stated above, the regulations provide that if the IGP decision is late, plaintiff may appeal to the next step. Since the CORC decision was late, plaintiff was justified in filing his federal action on July 18, 2003. Thus, this court finds that there are special circumstances in this action that would make dismissal for failure to exhaust inappropriate.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion for summary judgment (Dkt. No. 74) be **DENIED**, and it is

**RECOMMENDED**, that to the extent that plaintiff's opposition to the defendants' motion was labeled a cross-motion for summary judgment (Dkt. No. 77), that motion also be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 26, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge